**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Yosniel Sayu Rojas, et al. | Case No. 2:25-cv-01046-JAD-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Gary Douglas Leeman, et al., | |
| Defendants. | |

Before this Court is Plaintiffs' Motion to Extend Time and to Use Alternate Service Methods. ECF No. 6. Because Plaintiffs meet the requirements for service by publication and good cause exists for the requested extension, this Court grants the motion.

**I.     BACKGROUND**

Plaintiffs allege that Defendant Gary Leeman negligently and recklessly rear-ended them while driving a semi-truck. ECF No. 6 at 3; ECF No. 6-1 ¶ 11–18. They further allege that Defendant Leeman was an employee or agent of Defendants Hot Shot Express and Jones Motor Group and was acting in the course and scope of his employment when the accident happened. *Id.* ¶ 13; ECF No. 6 at 3 (noting that Defendant Leeman's Indeed web page states he is a small business owner at Jones Motor Group). Plaintiffs served Defendant Leeman, who has appeared in this case. *See* ECF No. 1 (petition for removal). Plaintiffs also maintain that, after much effort, they served Defendants Hot Shot and Jones on June 25, 2025. ECF No. 6 at 4; ECF No. 6-11 (affidavit of service for Defendant Hot Shot); ECF No. 6-12 (affidavit of service for Defendant Jones). However, Defendants Hot Shot and Jones have not appeared in this case. Plaintiffs seek to serve them by alternate service to ensure they receive notice of the lawsuit.

//

//

## II.   ANALYSIS

### A. This Court grants Plaintiffs' motion to serve by publication because they have met the requirements under Nevada Rule of Civil Procedure 4.4(c).

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. *Id.* This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. Nev. R. Civ. P. 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. Nev. R. Civ. P. 4.4(c). The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[1] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more

---

[1] NRCP 4.2 tracks federal Rule 4(h) and permits service of entities or associations by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Nev. R. Civ. P. 4.2(c)(1); Fed. R. Civ. P. 4(h). NRCP 4.3 governs service of entities and associations located outside Nevada or outside the United States. Nev. R. Civ. P. 4.3(3). NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. Nev. R. Civ. P. 4.4(c).

Here, the Court will grant Plaintiffs' motion because they satisfy the eight requirements imposed by NRCP 4.4(c). Regarding the first requirement, Plaintiffs have established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Beginning with NRCP 4.2 and 4.3,[2] it is evident that service upon Defendants Hot Shot and Jones is impracticable because Plaintiffs diligently attempted to locate and serve them. Using publicly available information, Plaintiffs found an address for both Defendants Hot Shot and Jones in Pennsylvania. ECF No. 6 at 4. A process server unsuccessfully attempted service at that address twice. On the first attempt, the process server tried calling the phone number of the business, but no one answered. On the second attempt, approximately a week later, the process server stated that the office was for lease and the company next door believed the office was vacant due to everyone working remotely. *Id.*; ECF No. 6-9 (affidavit of process server). Plaintiffs conducted additional research and found Bridgeway Companies, an entity that claimed to own Defendants Hot Shot and Jones. ECF No. 6 at 4; ECF No. 6-10. Using Bridgeway's address, Plaintiff's hired a different process server to serve Defendants Hot Shot and Jones. ECF No. 6 at 4. The process server attested that she served both Defendants. ECF Nos. 6-11 and 6-12 (affidavits). Assuming for purposes of Plaintiffs' motion that the service was unsuccessful, this Court finds that service under NRCP 4.2 and 4.3 is impracticable.

Further, service under NRCP 4.4(a) is inapplicable and therefore impracticable because, to this Court's knowledge, no statute exists that requires service upon Defendants Hot Shot and

---

[2] *See* Nev. R. Civ. P. 4.4(c)(2) (serving other foreign entities and associations); *see also* Nev. R. Civ. P. 4.3(a)(3) ("A party may serve process outside Nevada, but within the United States, in the same manner as provided in Rule 4.2(c)(1) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served.").

1  Jones in a particular manner. Service under NRCP 4.4(b) is also impracticable. This Court has
2  previously determined that NRCP 4.4(b) allows for service by email. *See Equity Title v. Gazlay*,
3  No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D. Nev. Mar. 3, 2020). However, it
4  does not appear this information is available to Plaintiff based on the evidence they have
5  obtained. *See* ECF Nos. 6-5–6-10. In sum, Plaintiffs have met the first requirement because they
6  have shown that the service methods under NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.[3]

      Additionally, Plaintiffs have satisfied the second, fifth, and eighth requirements. Plaintiffs' motion and supporting affidavits show that they hired multiple process servers to locate Defendants' last-known addresses and attempt service. *See* ECF No. 6 at 4; ECF Nos. 6-8–6-12. The first process server attempted service at Defendants' listed business address twice, spoke with a neighboring company about the vacant premise, and called the listed phone number. Plaintiffs then hired a second process server to attempt service on Defendants at a parent company location. They state that this service was successful yet seek alternate service to ensure notice to Defendants. Plaintiffs therefore establish NRCP 4.4(c)'s second, fifth, and eighth requirements because they: demonstrate due diligence in attempting to locate Defendants; set forth specific facts showing those efforts to locate and serve Defendants; provide the last-known address of Defendants; and establish that they unaware of any other addresses where Defendants may reside at this time. ECF No. 6 at 4–5.

      Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, Black's Law Dictionary (12th ed. 2024). Plaintiffs' theory, set forth in their pleadings, is that Defendants are liable for negligent entrustment or vicarious liability due to their employee's conduct. ECF No. 6 at 7. Thus, Plaintiffs meet the third requirement, too.

---

[3] And, as ordered below, this Court will require Plaintiffs to provide additional notice to Defendants Hot Shot and Jones via voice message and certified mail. *See* Nev. R. Civ. P. 4.4(d)(1) (stating that Nevada law enables courts to order plaintiffs "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.").

Further, this Court finds that, based on the complaint, Defendants Hot Shot and Jones are necessary and proper parties to this matter because they allegedly employed Defendant Leeman, who was acting in the course and scope of his employment when the accident happened. ECF No. 6 ¶ 13; ECF No. 6 at 3. Thus, Plaintiffs meet the fourth requirement, too.

Plaintiffs likewise meet the sixth requirement. NRCP 4.4 provides that litigants who desires to serve their adversaries by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case, and this Court will not ask Plaintiffs to modify the summonses already issued for Defendants Hot Shot and Jones.

Finally, Plaintiffs meet NRCP 4.4(c)'s seventh requirement because they suggested that the complaint and summonses be published in Nevada Legal News as well as a newspaper of general circulation in the area where Plaintiffs last served Defendants' Hot Shot and Jones (Bridgeway Companies' address). ECF No. 6 at 8. Nevada Legal News is a newspaper of general circulation printed in Las Vegas, Clark County, Nevada. *See JMA Architects v. Citation Prop. Grp.*, Case No. A555070, 2008 WL 8644360 (Nev. Dist. Ct. Nov. 10, 2008); *see also Bank of New York Mellon v. Wash. & Sandhill Homeowners Assoc.*, 2020 WL 1434225, at *2 (D. Nev. Mar. 23, 2020) ("There may be some doubt as to whether Plaintiff's service was improper, given that Plaintiff submitted proper proof of service by publication in Nevada Legal News.").

**B.  This Court will extend Plaintiffs' time to serve Defendants Hot Shot and Jones.**

Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must

dismiss an action without prejudice against a defendant or order that service be made within a specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of good cause, the court has discretion to dismiss the case without prejudice or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Here, Plaintiffs move to extend the time of service to October 27, 2025. ECF No. 6 at 9. Given Plaintiffs' diligence in attempting to locate and serve Defendants, this Court finds good cause to grant the request.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs must publish the summonses and complaint in Nevada Legal News at least once a week for a period of four weeks. Plaintiffs must do the same in a newspaper of general circulation in Moon Township, Pennsylvania. Service will be deemed complete four weeks from the date of the first publication.

**IT IS FURTHER ORDERED** that Plaintiffs must send a copy of the summonses and complaint by certified mail to the last-known addresses of Defendants Hot Shot and Jones. Plaintiffs must also call Defendants Hot Shot and Jones at their business phone number(s) and leave a voice message that provides them notice of the lawsuit.

**IT IS FURTHER ORDERED** that Plaintiffs will have until October 27, 2025, to effect service of the summonses and operative complaint on Defendants Hot Shot and Jones.

DATED: July 25, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE